STATE OF FLORIDA, ex rel., W. E. HAIRELSON, *Plaintiff in Error,* v. GEORGE J. ROARK, as City Commissioner of the City of Pensacola, ALBERT J. ANDERSON, as Chief of Police of the City of Pensacola, J. E. FRENKEL, as City Clerk and City Comptroller of the City of Pensacola, sometimes known as Clerk-Comptroller thereof, and AL. JAMES, C. A. WEIS and T. T. TODD, as the Board of Civil Service Commissioners of the City of Pensacola, *Defendant in Error.*

146 So. 678.

Opinion filed March 2, 1933.

Re-hearing denied March 17, 1933.

*John M. Coe,* for Plaintiff in Error;

*Jerry J. Sullivan,* for Defendants in Error.

BUFORD, J.—Plaintiff in error, Hairelson, was the relator in a mandamus suit in the court below wherein the command to the respondents was that they:

"Do cause relator to be reinstated in his employment as a member of the police force of the City of Pensacola, as of February 9, 1932, subject to a suspension for a period

of thirty (30) days from February 20th, 1932, to March 21st of said year, and do cause to be paid to him his compensation at the rate of one hundred three and 5/100 ($103.05) dollars per month for said period, less said period of suspension, up to the time of his return to duty, in accordance with the mandate of this writ, and that J. E. Frenkel do issue a warrant upon the City Treasurer of the City of Pensacola for the compensation of relator aforementioned, and that the said George J. Roark do countersign the same; and that the respondents, Al. James, C. A. Weis and T. T. Todd do cause the name of relator to be included in the list of persons upon the register required to be kept by Sub-section B of Section 90 of Chapter 15,-425, Laws of Florida, and do set opposite the said name, the rank or employment of relator on April 1, 1931, and that they do take jurisdiction of the application of relator for considering the lawfulness of his suspension by Albert J. Anderson hereinbefore mentioned, and proceed therewith in accordance with the law, or that they show cause by the 18th day of August, A. D. 1932, why they have not obeyed this writ."

The answer of the respondents in effect alleged that the relator had been discharged from his position as a police officer in the City of Pensacola under the provisions of Chapter 15,425, Acts of Legislature of 1931.

Testimony was taken and on final hearing judgment was entered quashing the alternative writ of mandamus and adjudging costs against the relator.

Chapter 15,425, *supra,* provides for a Board of Civil Service Commissioners for the City of Pensacola and for membership in the Civil Service of the City of Pensacola. It is admitted by the record that the relator was a member of the Civil Service of the City. Under the terms of the charter a member of the Civil Service can only be dis-

charged or removed under the provisions of Sub-section E of Sub-section G of Section 90 of the Act. There is no contention that the discharge or removal here complained of occurred pursuant to Sub-section E. The record shows that the provisions of Sub-section G were not complied with in connection with the alleged discharge or removal of the petitioner. Under the Act, the Chief of Police is only authorized to suspend a subordinate for a reasonable period not to exceed thirty days. The Act provides that if the suspended officer so desires he may demand and receive a hearing before the Board of Civil Service Commissioners. That upon this demand being made, investigation shall be made by the Board of Civil Service Commissioners and, if they find that the suspension is unwarranted and without cause, they shall certify their findings to the Director of the proper Department and the person suspended shall receive compensation for the time for which he was suspended. The Chief of Police made an order suspending the respondent indefinitely. This necessarily meant for any period up to the limit of thirty days provided in the statute.

Now, the record shows that two charges were made against the respondent. One on February 15th, 1932, and one on February 20th, 1932. The contents of the charges are immaterial, but were sufficient to justify action by the Board of Civil Service Commissioners.

Application was made for a hearing on the suspension. That application was afterwards withdrawn. The Board of Civil Service Commissioners met and considered the matter but took no testimony relative to the charges made. The Board of Civil Service Commissioners are bound by the record of its doings. The minutes of the Board were introduced in evidence in the Circuit Court. The minutes

show the following entries on the Minutes of the Board. The first dated February 26, is as follows:

"Charges were preferred against L. E. O'Neil, W. E. Hairelson and L. S. Davis, received and read as follows:

" 'February 15th, W. E. Hairelson, absent without leave for past five days and failing to notify superior officers of his intention in laying off and conduct unbecoming an officer by failing to pay his just debts after being notified. Indefinitely suspended.

" 'February 20th, W. E. Hairelson, incompetency and physically unfit to perform police duties and failing to pay debts after being notified, indefinitely suspended.'

"It was ordered that the above charges as submitted be filed. Request for hearing in behalf of W. E. Hairelson was filed by Harvey E. Page, as per letter dated February 20th, postmarked 8:00 P. M. on that date, followed by receipt of letter dated February 25th, 1932, requesting withdrawal of the request for hearing, was received, read and ordered filed."

The next entry is shown by our record here to have been on February 31. We presume this is a typographical error and we have no way of knowing what the date was. The minute entry reads:

"Communication from W. E. Hairelson received consideration of the Board, as to the filing of his application for reinstatement in the Police Department, was received and considered. Secretary was instructed to inform Mr. W. E. Hairelson that the Board finds themselves without authority to act upon his request."

The evidence produced through the Secretary of the Board of Civil Service Commissioners and the custodian of the minutes was that these entries constituted all of the minute entries with reference to that matter.

Being bound by the record, we find that the Board of Civil Service Commissioners have taken no action in regard to the discharge or removal of the relator. Neither did the said Board take affirmative action to reinstate the relator prior to the expiration of the thirty-day period for which he could have lawfully been suspended by the Chief of Police.

It therefore follows that at the end of the thirty-day period of his suspension he was automatically restored to his status as a member of the Civil Service of the City and, in the absence of affirmative action on the part of the Board of Civil Service Commissioners, was entitled to be reinstated in his position as a Police Officer of the City of Pensacola.

What was said in the case of Bryan v. Landis, Attorney General, ex rel. Reeves, filed June 18, 1932, reported 142 Sou. 650, with reference to powers and duties of city officers under such statutes as the one here being considered is applicable to this case.

The judgment should be reversed on authority of that case and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.

BROWN, J., dissents.